UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ANTHONY SIMMONS,**<br><br>Petitioner,<br><br>vs.<br><br>**DENNIS STRAUB,**<br><br>Respondent. | 2:00-CV-74198<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE & TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN** |

This matter is before the Court on Michigan prisoner Michael Anthony Simmons' motion seeking to reopen this closed habeas case and proceed on an amended habeas petition. Petitioner dated his original pro se habeas petition on September 13, 2000 and raised claims concerning the admission of hearsay evidence, the conduct of the prosecutor, and the effectiveness of trial and appellate counsel. ECF No. 2. On February 28, 2001, the Court, the late Honorable Arthur J. Tarnow presiding, granted Petitioner's motion to dismiss his habeas petition so that he could exhaust state court remedies as to unidentified claims and dismissed his original habeas petition without prejudice. The Court's order stated that Petitioner could move to reinstate and

1

amend his habeas petition following the exhaustion of state remedies, but did not stay the proceedings or otherwise retain jurisdiction over the case. The Court's order also stated that the time in which the initial habeas petition had been pending before the Court would not count toward the one-year statute of limitations applicable to federal habeas actions. ECF No. 26; ECF No. 29-38, PageID.276-278.

Petitioner, through counsel, now seeks to reopen the case to proceed on an amended habeas petition raising claims concerning an un-communicated plea offer and the effectiveness of trial and appellate counsel based upon newly-discovered evidence obtained in 2015/2016. Petitioner filed the instant motion to reopen and amended habeas petition on November 7, 2021. ECF No. 29. The case was reassigned to the undersigned on March 23, 2022.

Petitioner's request to reopen this case must be denied. This case was dismissed without prejudice in 2001. While the Court's dismissal order provided that Petitioner could move to reinstate the case and amend his habeas petition following the exhaustion of state court remedies, it did not stay the proceedings or retain jurisdiction over the case. Additionally, although the Court did not set a deadline for Petitioner to exhaust state court remedies and return to federal court on an amended petition, it surely did not anticipate a 20-year delay in doing so. To be sure, even in stayed habeas cases, the Court requires

2

petitioners to seek state court collateral review within 60 days of the Court's dismissal order (if they have not already done so) and to return to federal court within 60 days after the exhaustion of state court remedies. *See, e.g., Rutherford v. Howard*, No. 2:21-cv-10701, 2021 WL 2562259 (June 23, 2021) (Tarnow, J.); *Rainbolt v. Winn*, No. 2:17-cv-13496, 2018 WL 6696704 (E.D. Mich. Dec. 20, 2018) (Berg, J.).

Following the Court's dismissal in February, 2001, Petitioner did not promptly pursue state court remedies nor seek to reopen this case in a timely manner. He sought documents about a possible plea offer in 2003, 2004, and 2005, filed his first motion for relief from judgment and related appeals in the state courts from 2008 to 2010, sought authorization from the Sixth Circuit to file a second or successive habeas petition in 2012 (denied as unnecessary), attempted to file a second motion for relief from judgment in state court in 2013, obtained documents in 2015/2016, and filed a second motion for relief from judgment and related appeals in the state courts (concerning his current claims) from 2017 to 2020. ECF No. 29-2, PageID.92-94, 134-136. Petitioner's motion to reopen this case is thus untimely and not in keeping with the intent of the Court's dismissal order. Petitioner's appropriate recourse is to file a new habeas action, not to reopen this closed case. Accordingly, the Court **DENIES** Petitioner's motion to reopen this case.

3

Given this decision, the Court would ordinarily dismiss without prejudice the amended habeas petition. In this case, however, Petitioner has filed extensive pleadings in support of his claims and the amended habeas petition has been pending before the Court since November, 2021. Consequently, the Court shall construe the amended habeas petition as a new habeas petition filed on November 7, 2021.

A habeas petition submitted by a person in state custody may be filed in the district where the person is in custody or in the district where the person was convicted and sentenced. 28 U.S.C. § 2241(d). The district in which the petitioner files his habeas petition may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another district court for hearing and determination. *Id*.

Petitioner was convicted in Kalamazoo County, Michigan and is currently confined at the Muskegon Correctional Facility in Muskegon County, Michigan. ECF No. 29-1, PageID.79. Both of those counties lie in the Western District of Michigan. 28 U.S.C. § 102(b). Accordingly, in the interests of justice, the Court **TRANSFERS** this case to the United States District Court for the Western District of Michigan. The Court directs the Clerk of the Court to transfer the court file to the Western District of Michigan. The Court makes no determination as to the timeliness or merits of Petitioner's claims.

**IT IS SO ORDERED**.

BY THE COURT:

DATED: September 13, 2022

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge